166 F.3d 347
 98 CJ C.A.R. 6302
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nathan E. JONES, Petitioner-Appellant,
v.
Jim FERGUSON, Warden, and the Attorney General for the State
of Wyoming, Respondents-Appellees.
 No. 98-8028.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1998.
 
 Before SEYMOUR, Chief Judge, BRORBY and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 SEYMOUR.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9.
 
 
 4
 Nathan Jones was convicted in state court of aiding and abetting aggravated robbery and conspiracy to commit aggravated robbery. He filed this writ for habeas corpus relief under 28 U.S.C. § 2254, alleging that his constitutional rights were violated by the illegal search of his home and by the illegal seizure of property at his residence without a warrant. The federal district court addressed these claims on the merits, and concluded that Mr. Jones had failed to show the state court's ruling on the matter was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. The court denied Mr. Jones a certificate of appealability and leave to proceed in forma pauperis. Mr. Jones appeals.[1]
 
 
 5
 Claims that a search or seizure violated a petitioner's constitutional rights are not cognizable on federal habeas if the petitioner had a full and fair opportunity to litigate the claims in state court. Stone v. Powell, 428 U.S. 465, 482 (1976); Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir.1992). We see nothing in the record to indicate that the State failed to provide this opportunity to Mr. Jones. To the contrary, it is clear that Mr. Jones challenged the constitutionality of both the search and the seizure in a suppression hearing in the state trial court, and in the direct appeal of his conviction. See Jones v. State, 902 P.2d 686 (Wyo.1995). Accordingly, federal habeas relief cannot be granted on his Fourth Amendment claims.
 
 
 6
 We DENY Mr. Jones' application for a Certificate of Appealability and for leave to proceed in forma pauperis, and we DISMISS this appeal.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3
 
 
 [1]
 Mr. Jones' motion for appointment of counsel on appeal is denied